UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **LINDA WHITE ATKINS,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Civil Action No. CV-12-S-3961-NE |
| | ) |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant, Linda White Atkins, commenced this action on November 27, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th

Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the assessment of Dr. Prem Gulati, the consultative examiner. Upon consideration, the court concludes that contention is not supported by the record.

Social Security regulations provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or consultative physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Gulati examined claimant on April 16, 2010. He noted that claimant was 4' 11" and weighed 206 pounds. The range of motion in claimant's neck, back, and all extremities was normal. Claimant exhibited no deformities or abnormalities, other

than mild tenderness at the back of her right heel near her Achiles tendon and "maybe mild slight pain on the plantar surface of the left heel."[1]  Claimant's grip strength and fine manipulation ability were normal.[2]  She walked with a slight limp, but she did not use an assistive device.  She had difficulty squatting, rising up, and heel walking, but she could toe walk without difficulty.[3]  Dr. Gulati's final assessment was as follows:

> This is a 54-year-old black female who has a very small calcaneal spur according to the x-ray report and probably may have some right trochanteric bursitis.  She is taking Ultram and Ibuprofen.  She might benefit from steroid injection.  If that will not help she may need surgery for the calcaneal spur.  *Otherwise, I do believe that she will not be able to do heavy lifting or carrying types of jobs but can do sitting jobs without any difficulty.*[4]

In considering the medical opinion evidence, including that from Dr. Gulati, the ALJ stated, "no treating source noted any limitations.  The consultative examiner noted that the claimant would not be able to perform heavy work activity but could perform sedentary work activity without difficulty.  There are no state agency medical consultants' opinions."[5]

The ALJ then found that, despite suffering from the severe impairments of bone spurs and obesity,[6] claimant retained the residual functional capacity

---

[1] Tr. 255.
[2] Tr. 254-56.
[3] Tr. 255.
[4] Tr. 256 (emphasis supplied).
[5] Tr. 27.
[6] Tr. 25.

>to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can push and pull with her lower extremities frequently with no climbing of ropes, ladders, or scaffolds. She can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, and she cannot have concentrated exposure to hazards.[7]

With that residual functional capacity, the ALJ found that claimant could return to her past work as an assembler and poultry deboner, as those jobs are generally performed in the national economy,[8] and she consequently was not under a disability, as defined in the Social Security Act, during the relevant time period.[9]

Claimant argues that the ALJ's finding that she is limited to light work is inconsistent with Dr. Gulati's assessment that she could do "sitting jobs" without difficulty. According to claimant, if the ALJ had fully credited Dr. Gulati's limitation to "sitting jobs," she should have found claimant capable of performing only sedentary work, not light work. Moreover, if claimant were capable of performing only sedentary work, a finding of disability would have been mandated under the Medical-Vocational Guidelines ("grids"). Medical-Vocational Rule 201.10 mandates a finding of disability for an individual closely approaching advanced age, with less than a high school education, who has no transferrable skills from her skilled or semi-skilled background, and who is limited to sedentary work as a result of severe medically determinable impairments. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule

---

[7] Tr. 26.
[8] Tr. 28.
[9] Tr. 29.

201.10. It is undisputed that claimant satisfies the age, education, and skills requirements of that grid, so if she also is limited to sedentary work, she would be found disabled.

Social Security regulations define sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §404.1567(a). Light work is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

It cannot be said that the ALJ's RFC finding is completely inconsistent with Dr. Gulati's assessment. The only actual limitation Dr. Gulati assigned plaintiff was no heavy lifting or carrying, and the ALJ's RFC finding does not require heavy lifting. Dr. Gulati stated that claimant would be able to do sitting jobs, and the RFC finding

for light work includes sitting jobs, as long as claimant can frequently push and pull with her lower extremities. There is nothing in Dr. Gulati's assessment that would call into question plaintiff's ability to sit most of the time while pushing and pulling arm or leg controls. She had normal range of motion in all extremities and only *mild* tenderness in her heel. She had trouble squatting, rising up, and walking on her heel, but she only had a slight limp when walking.

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 24th day of September, 2013.

_____
United States District Judge